15CV02668
Div 11

MICHAEL J. PATTON
Supreme Court No. 25015
534 S. Kansas Ave Suite 1120
Topeka, KS 66603
(785) 273-4330
FAX (785) 354-1901
mike@joepatton.com
Attorney for Plaintiff

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## DIVISION ____

| | | |
|---|---|---|
| SUSANAH HUDSON,<br>    Plaintiff | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| CITY OF OVERLAND PARK | ) | |
| AND | ) | |
| MGMCO, INC. d/b/a SYKES LADY | ) | |
| OVERLAND PARK GOLF COURSE | ) | |
|     Defendant | ) | |

EXHIBIT
1

## PETITION
### (Filed pursuant to K.S.A. Chapter 60)

COMES NOW, the plaintiff by and through her attorney, Michael J. Patton of

Patton and Patton, Chartered, and for her cause of action and claim against the

defendant, alleges and states as follows:

1. That this action is filed pursuant to Chapter 60, Kansas Statutes Annotated.

2. That plaintiff is a resident of Shawnee County, Kansas.

3. That Defendant MGMCO, INC. is a corporation organized and existing under

the laws of the State of Kansas, and may be served by certified mail as set out in K.S.A.

60-303 directed to its registered agent Stephen D. McGiffert at 11000 King, Overland

Park, KS 66210.

4. That Defendant City of Overland Park is a municipality under Kansas Law whose address is 8500 Santé Fe Dr., Overland Park, Kansas 66212 and may be served by certified mail as set out in K.S.A. 60-303 directed to the Overland Park City Clerk.

5. The Defendants were at all times complained of herein doing business within this State.

6. This Court has jurisdiction over the defendants and venue is proper in this judicial district.

7. That Defendants were given notice of this claim pursuant to K.S.A. 12-105b 120 days prior to the filing of this petition.

8. At all times material hereto, Defendants, City Of Overland Park and MGMCO, Inc. /b/a Sykes Lady Overland Park Golf Course, owned, maintained and operated 12501 Quivira Rd, Overland Park, KS 66213 as a golf course open for public use.

## COUNT I
## Negligence and Premises Liability

9. Plaintiff, Susanah Hudson, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding paragraphs 1 through 8.

10. The Defendants had a duty to adhere to all federal and state laws, ADA codes, regulation, guidelines for accessibility and to notify guests where a ADA compliant entrance might be and to maintain the premises in a reasonably safe manner.

11. The aforementioned duties were breached when: on or about May 1, 2013, the Plaintiff, Susanah Hudson, attempted to enter the clubhouse at Sykes Lady Overland Park Golf Course, owned by the City of Overland Park and managed by MGMCO, Inc. located at 12501 Quivira Rd, Overland Park, KS 66213. The entrance

*Clerk of the District Court, Johnson County Kansas*
*04/30/15  03:08pm MM*

the plaintiff tried to use was maintained in an unsafe, negligent manner and was not compliant with Americans with Disabilities Act (ADA) codes, regulations, guidelines for architectural accessibility and did not indicate where an ADA compliant entrance might be.  As Ms. Hudson attempted to enter the facility, she fell and was injured as a result of the facility failing to adhere to ADA code, regulations and guidelines for architectural accessibility.

12. That as a direct and proximate result of the aforementioned negligence, failure to adhere to ADA codes, regulations and guidelines for accessibility and failure to indicate where an ADA compliant entrance might be the Plaintiff suffered bodily injuries, past and future medical expenses, past and future pain and suffering, mental anguish, emotional distress, past and future loss of time, loss of wages, permanent injury and permanent disability.

## COUNT II
## Discrimination under the Kansas Acts Against Discrimination and American's with Disabilities Act

13. Plaintiff, Susanah Hudson, hereby adopts and incorporates by reference as though fully set forth herein all of the allegations of fact in the preceding paragraphs 1 through 12.

14. The Plaintiff is a qualified individual with a disability under Federal and Kansas law and the American's with Disabilities act and amendments thereto and Chapter 44, Art. 10 of Kansas Statutes. The Plaintiff's disability substantially limits one or more major life activities, she has a record of such impairment and is regarded as having such impairment.

15. The Defendants are covered entities by the standards for public entities (Title II) and/or those for public accommodations (Title III).

16. The Defendants are operating a place of public accommodation as defined in 42 USC 12181 and K.S.A. 44-1002.

17. The entrance where the Plaintiff fell and the building in question:

    a.    was not compliant with Americans with Disabilities Act (ADA) codes;

    b.    was not compliant with Americans with Disabilities Act (ADA) regulations;

    c.    was not compliant with Americans with Disabilities Act (ADA) guidelines for architectural accessibility;

    d.    facility is discrimination in violation of 42 USC 12182(b)(A)(ii) -- unequal benefit of the facilities.

    c.    did not indicate where an ADA compliant entrance might be;

    d.    was not adequately maintained;

    e.    was dangerously defective,  constituting a hazard for use;

    f.    is in other respects to be proved at trial.

18. An inaccessible facility is discrimination in violation of the Kansas Acts Against Discrimination and American's with Disabilities Act including but not limited to 42 USC 12182(b)(A)(ii) – unequal benefit of the facilities.

19. The aforementioned violations of the Kansas Acts Against Discrimination, including K.S.A. 44-1009(c), the  American's with Disabilities Act under Title II and/or Title III of the American's with Disabilities Act and Amendments thereto.

20. Defendants' are liable for Plaintiff's injuries and damages and other remedies available under the Kansas Acts Against Discrimination and the American's with Disabilities Act and amendments thereto.

21. As a direct and proximate result of the aforementioned violation of said Kansas Acts Against Discrimination, the federal law and the ADA the Plaintiff suffered the loss of her former state of physical and mental well-being, suffered serious injuries to her left shoulder, left knee, and right knee, was seriously and permanently injured, and has required medical care and attention.

22. The Defendant's failed to comply with the accessibility requirements and failed to offer public accommodation due to her disability under Title II and Title III of the American's with Disabilities Act as well as the Kansas Acts Against Discrimination including K.S.A. 44-1009 through the defendants' actions and omission described above.

23. The Plaintiff is therefore entitled to injunctive relief and reasonable attorney's fees.

24. The Plaintiff filed for administrative relief with the Kansas Human Rights Commission for said violations on September 20, 2013. The complaint is attached hereto and the allegations set forth in said complaint are incorporated into this petition by reference.

*Clerk of the District Court, Johnson County Kansas*
*04/30/15  03:08pm MM*

WHEREFORE, the plaintiff prays for judgment against the defendant for actual damages for a sum in excess of $75,000 costs, attorney's fees, costs and for such other and further relief as the court may deem just and equitable.

Respectfully submitted,

MICHAEL J. PATTON
Supreme Court No. 09397

### DEMAND FOR JURY TRIAL

COMES NOW, the plaintiff, and demands a trial by jury of twelve individuals.

Respectfully submitted,

MICHAEL J. PATTON

6